Mark L. Javitch (California SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705

*Attorney for Plaintiff*
And the Putative Classes

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | |
|---|---|
| ERIK SALAIZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CFREI HOLDING LLC, a Wyoming Limited Liability Company<br><br>Defendant. | Civil Action No.: 3:25-cv-155<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff ERIK SALAIZ, individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant CFREI HOLDING LLC (hereinafter "CFREI" or "Defendant") to stop their illegal practice of sending unsolicited telemarketing calls to the telephones of consumers whose phone numbers were registered on the Federal Do Not Call Registry, and to obtain redress for all persons injured by their conduct. Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse,* Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from Defendant CFREI. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

## NATURE OF THE ACTION

1. As a part of their marketing, Defendant CFREI sent thousands of illegal robocalls to consumers whose phone numbers were registered on the Federal Do Not Call Registry.

2. Defendant CFREI did not obtain consent prior to sending these unsolicited calls, and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

3. Congress enacted the TCPA in 1991 in response to "a torrent of vociferous consumer complaints about intrusive robocalls."

4. The TCPA instructed the Federal Communications Commission to "prescribe regulations to implement methods and procedures for protecting the privacy rights [of consumers] . . . in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers." 47 U.S.C. § 227(c)(2).

5. The TCPA explicitly authorized the FCC to establish a "single national database" of telephone numbers belonging to those who object to receiving telephone solicitations. *Id*. § 227(c)(3).

6. By sending these robocalls to people who have registered their phone numbers on the national do-not call database, Defendant CFREI violated the privacy and statutory rights of Plaintiff and the Class.

7. Plaintiff therefore seeks an injunction requiring Defendant to stop its unconsented calling, as well as an award of actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

8. Plaintiff Erik Salaiz is a natural person residing in El Paso, Texas.

9. Defendant CFREI is a corporation organized and existing under the laws of Wyoming.

## JURISDICTION AND VENUE

10. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

11. This Court has specific personal jurisdiction over Defendant CFREI because CFREI caused the violating calls to be sent to Plaintiff in this District.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the injury occurred in this District.

## COMMON FACTUAL ALLEGATIONS

13. Defendant CFREI operates as a real estate investing company.

14. Defendant CFREI sent out unsolicited calls with an artificial or prerecorded voice soliciting Plaintiff and the putative class for Defendant CFREI's services.

15. Defendant CFREI failed to obtain consent from recipients, nor did they check the Do Not Call registry.

## PLAINTIFF'S FACTUAL ALLEGATIONS

16. Plaintiff is a natural person who resides in this District.

17. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

18. Plaintiff's telephone number ending in -5210 is a residential number and is registered to a cellular telephone service.

19. Plaintiff's telephone number ending in -5210 is used for personal purposes and is not associated with business.

20. Defendant CFREI operates as a real estate investing company.

21. Defendant CFREI makes cash offers to consumers for their properties.

22. The cash offers made by Defendant CFREI to consumers for their properties are offers that are under the properties market value in order to resell and make a profit.

23. Upon information and belief, as part of their marketing campaign, and to generate new business, Defendant CFREI sends unsolicited calls using an artificial or prerecorded voice to thousands of consumers residential telephone numbers without obtaining the consumers' consent.

24. Upon information and belief, Defendant CFREI makes substantial profit gains by generating new clients through illegal telemarketing.

25. Upon information and belief, Defendant CFREI's telemarketing campaign has reached hundreds if not thousands of consumers throughout the United States.

26. On January 21, 2025, at 9:10 AM, Plaintiff received a call to his telephone ending in 5210 from phone number (217) 350-8831.

27. Plaintiff answered and heard an artificial or prerecorded voice offering a cash offer for any home or land and prompting Plaintiff to leave his name, number, property address, and reason for selling.

28. The artificial or prerecorded voice does not identify Defendant CFREI.

29. The alleged call Plaintiff received was clearly pre-recorded because (a) it was sent with automated technology used to mask Caller IDs (b) it used a singular monotone voice (c) it was a generic message not personalized for the recipient (d) there was a pause prior to the recorded message being played.

30. As part of Plaintiff's investigation to identify who sent him this illegal robocall, Plaintiff left his information as instructed by the artificial or prerecorded voice.

31. The artificial or prerecorded voice advises Plaintiff that Plaintiff will be receiving a call back from a "346" area code.

32. On the same day, January 21, 2025, at 10:21 AM, Plaintiff received a call to his telephone number ending in 5210 from phone number (346) 330-2008.

33. Plaintiff answered and was greeted by an agent named Dave who advised Plaintiff he was calling regarding making a cash offer on Plaintiff's property.

34. Plaintiff advised Dave that he had received a call from them with a recording regarding a cash offer for Plaintiff's property.

35. Dave advised Plaintiff that they can make a cash offer for Plaintiff's property and have the funds to Plaintiff within thirty days.

36. Dave collected Plaintiff's property information and advised Plaintiff he was going to give this information to his research team that will provide a cash offer.

37. The next day on January 22, 2025, Plaintiff received a call from Dave advising Plaintiff that they emailed Plaintiff with a cash offer for his property and solicited Plaintiff for Defendant CFREI's services.

38. Dave advised Plaintiff the cash offer they can make for Plaintiff's property was $50,000.

39. Plaintiff received an email from Clifford Shelton that contained a purchase agreement from Defendant CFREI.





40. Upon information and belief, Clifford Shelton is the president of Defendant CFREI.

41. The email and contract Plaintiff received from Clifford Shelton identified Defendant CFREI.

42. Dave advised Plaintiff that Defendant CFREI purchases properties all across the United States.

43. Upon information and belief, Defendant CFREI employs outrageous, aggressive, and illegal sales techniques that violate multiple federal laws and state consumer statutes.

44. Upon information and belief, Defendant CFREI does not have a solicitation registration certificate on file with the Texas Secretary of State as required to make telephone solicitations to Texas residents either directly or through Defendant's agents.

45. Plaintiff is a Texas resident.

46. The https://direct.sos.state.tx.us/telephone/telephonesearch.asp site ("Texas Registration Database") does not contain Defendant CFREI's registration.

47. Defendant CFREI does not qualify for an exemption under § 302.053.

48. Plaintiff never provided his prior express written consent to receive the alleged call.

49. The alleged call was a nonconsensual encounter that was not made for emergency purposes.

50. The alleged call was made to Plaintiff for the purpose of encouraging Defendant CFREI's services.

51. Upon information and belief, the alleged call was placed while knowingly ignoring the national do-not-call registry.

52. Upon information and belief, the alleged call was placed without Defendant CFREI training its agents on the use of an internal do-not-call policy.

53. Plaintiff has never been a customer of Defendant CFREI and never knew who Defendant CFREI was prior to receiving the alleged call.

54. Plaintiff was harmed by the alleged call.

55. Plaintiff was temporarily deprived of legitimate use of his phone because his privacy was improperly invaded. Moreover, the alleged call injured Plaintiff because it was frustrating, obnoxious, annoying, and was a nuisance and disturbed the solitude of Plaintiff.

## INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF DEFENDANT'S ACTIONS

56. Plaintiff realleges paragraphs one through fifty-five and incorporates them herein as if set forth here in full.

57. The alleged call harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

58. The alleged call harmed Plaintiff by trespassing upon and interfering with his rights and interests in his cellular telephone.

59. The alleged call harmed Plaintiff by intruding upon his seclusion.

60. Plaintiff has been harmed, injured, and damaged by the call including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of his cell phone.

//

//

//

## CLASS ALLEGATIONS

61. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

> **TCPA Class**. All persons in the United States who: (1) from the last 4 years to present (2) Defendant called and/or any entity making calls on behalf of Defendant.
>
> **Texas Subclass**. All persons in Texas who: (1) from the last 4 years to present (2) Defendant called any and/or any entity making calls on behalf of Defendant.

62. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

63. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but individual joinder is impracticable. On information and belief, Defendant sent unsolicited calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

64. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited calls.

65. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique

defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

66. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

67. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   a. Whether the unsolicited calls were caused by Defendant;

   b. Whether the unsolicited calls promoted Defendant's products or services;

   c. Whether Defendant obtained written express consent prior to sending the unsolicited calls

   d. Whether members of the Class are entitled to treble damages based on the knowingness and/or willfulness of Defendant's conduct.

68. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by the Defendant's actions. Thus, it

would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**First Cause of Action:**
**Violation of 47 U.S.C. § 227(b)**
**Artificial or Prerecorded Voice**
**(On behalf of Plaintiff and the TCPA Class)**

69. Plaintiff realleges paragraphs one through sixty-eight and incorporates them herein as if set forth here in full.

70. Defendant and/or its agents placed unsolicited phone calls to Plaintiff and the Class members' cellular and/or residential telephones without having their prior express written consent to do so.

71. The calls were made for the express purpose of soliciting consumers' for Defendant CFREI's goods and services.

72. When Plaintiff and the Class answered, the calls played an artificial or prerecorded voice message to their cellular and/or residential phones as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B).

73. As a result of its unlawful conduct, Defendant repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendant to stop its illegal calling campaign.

74. Defendant and/or their agents made the violating calls "willfully" and/or "knowingly" under 47 U.S.C. § 227(b)(3)(C).

75. If the court finds that Defendant willfully and/or knowingly violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## Second Cause of Action:
### Violations of The Texas Business and Commerce Code § 302.101
### Failure to obtain a Telephone Solicitation Registration Certificate
### (On behalf of Plaintiff and the Texas Subclass)

76. Plaintiff realleges paragraphs one through seventy-five and incorporates them herein as if set forth here in full.

77. Defendant's illegal solicitation sales calls to Plaintiff and the putative class without having a valid telephone solicitation as required under Tex. Bus. Com. Code 302.101.

78. Upon information and belief the actions of the Defendant also violated Texas Business and Commerce Code § 302.101 by placing solicitation phone calls to a Texas resident without having a registration certificate and bond on file with the Texas Secretary of State.

79. A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such.

80. Upon information and belief, Plaintiff sent a notice of violation and request for remedy under Texas Business and Commercial Code § 17.505(a).

81. As a result of the Defendant's violations of the Texas Business and Commerce Code § 302.101, Plaintiff may and does seek damages of up to $5,000.00 for each violation. Texas Business and Commerce Code § 302.302(a).

82. As a result of the Defendant's violations of §302.101, Plaintiff seeks all reasonable costs of prosecuting this action, including court costs, deposition costs, and witness fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ERIK SALAIZ, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the Class representative and appointing his counsel as Class Counsel;

B.      An order declaring that Defendant's actions, as set out above, violate § 227(b) of the TCPA;

C.      An order declaring that Defendant's actions, as set out above, violate § 302.101 of the Texas Business and Commerce code;

D.      An order declaring that Defendant's actions, as set out above, violate the TCPA willfully and knowingly;

E.      An award of $1,500 per call in statutory damages arising from the TCPA § 227(b) for each intentional violation;

F.      An order declaring that Defendant's actions, as set out above, violate the Texas Business and Commerce code willfully and knowingly;

G.      An award of $5,000 in statutory damages arising from the Texas Business and Commerce Code § 302.101 for each intentional violation;

H.      An injunction requiring Defendant to cease sending all unlawful calls;

I.      An award of reasonable attorneys' fees and costs; and

J.      Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: April 30, 2025

Respectfully submitted,

By: /s/ Mark L. Javitch
Mark L. Javitch (California SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorneys for Plaintiff and the Putative Classes*