# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **ERIK SALAIZ, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,** | § § § § | |
| *Plaintiff,* | § § | No.  3:25-CV-00155-LS |
| **v.** | § § | |
| **CFREI HOLDING LLC, A WYOMING LIMITED LIABILITY COMPANY,** | § § § § | |
| *Defendant.* | § | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR DISCOVERY

Plaintiff Erik Salaiz moves for expedited discovery on the issues of damages and class certification in his lawsuit against Defendant CFREI Holding, LLC, now in default,[1] for violations of the Telephone Consumer Protection Act.

Parties generally "may not seek discovery from any source before [they] have conferred as required by Rule 26(f),"[2] but courts may authorize expedited discovery for good cause.[3] Good cause exists "when failing to grant expedited discovery would substantially impact progress of the case,"[4] and "some limited discovery should be permitted" to a party that "will have to make [an] appropriate showing of damages in its eventual motion for default judgment."[5] Accordingly, courts frequently allow or require discovery on the issue of damages prior to considering default

---

[1] ECF No. 6.

[2] Fed. R. Civ. P. 26(d)(1).

[3] *See El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F. Supp. 2d 986, 991 (S.D. Tex. 2004) (citing 8 Wright & Miller's Federal Practice and Procedure § 2046.1 (2d ed. 1994)).

[4] *Ramirez v. Defendant 1*, No. 25-1576, 2025 WL 2337134, at *3 (E.D. La. Aug. 13, 2025).

[5] *Alstom Power, Inc. v. Graham*, No. 3:15-cv-174, 2016 WL 354754, at *3 (E.D. Va. Jan. 27, 2016); *see also* Fed. R. Civ. P. 55(b)(2) ("The court may conduct hearings or make referrals . . . when, to enter or effectuate default judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.").

judgment.[6] Also, "a certain amount of discovery is essential in order to determine [a] class action issue and the proper scope of a class action."[7]

"[U]nless this Court allows [Plaintiff] to conduct discovery, none can be sought."[8] Therefore, the Court **GRANTS** Plaintiff's motion [ECF No. 7] and permits limited discovery as to damages and the putative class.

**SO ORDERED**.

**SIGNED** and **ENTERED** on February 26, 2026.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[6] *Alstom Power*, 2016 WL 354754, at *2 (collecting cases).
[7] *Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982) (quoting *Pittman v. E.I. duPont de Nemours & Co.*, 552 F.2d 149, 150 (5th Cir. 1977)).
[8] *Alstom Power*, 2016 WL 354754, at *2.

2